LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-07620-BRO (KLSx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | BREW THRU, INC. V. REVEL SYSTEMS, INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Brew Thru, Inc. ("Plaintiff") initiated this action on September 29, 2015, filing a complaint against Defendant Revel Systems, Inc. ("Defendant") and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) A federal court must determine its own jurisdiction, even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Here, Plaintiff satisfies the complete diversity requirement, as Plaintiff is a North Carolina corporation, while Defendant is "organized and existing under the laws of Delaware." (Compl. ¶¶ 3, 4.) However, it is unclear whether Plaintiff satisfies the amount in controversy requirement. In its Complaint, Plaintiff alleges that it made various payments to Defendant, which total $27,768.75, and that Defendant has breached their contract by failing to perform and deliver goods as promised. (*See* Compl. ¶¶ 19, 22, 25–26, 38.) While Plaintiff generally states that "Defendant continues to charge Plaintiff for services [Defendant] is not providing," Plaintiff does not specify the amount of any such payments. (Compl. ¶ 42.) Even assuming the unspecified amount of

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-07620-BRO (KLSx)** | Date | October 6, 2015 |
|---|---|---|---|
| Title | **BREW THRU, INC. V. REVEL SYSTEMS, INC.** | | |

Plaintiff's additional damages equals the amount specifically pleaded, the amount in controversy still falls well short of the statutorily-required amount. Thus, it appears jurisdiction under § 1332 would be improper here.

    Accordingly, the Court **ORDERS** Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to this Order shall explain how the amount in controversy in this action exceeds $75,000. Plaintiff's response **shall be filed by no later than Tuesday, October 13, 2015, at 4:00 p.m.**

    **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |